By the Co.urt.
The proceedings in aid of execution are intended to be concurrent and coextensive with the remedy by action to subject the interest of the debtor in any “ money contracts, claims, or choses in action, due or to become due to him.”
The issuing an execution, and the return thereof unsatisfied in whole or in part, or the issuing an execution and proof by affidavit or otherwise, “ that the judgment debtor has property which he unjustly refuses to apply toward the satisfac tion of the judgment,” authorize the court or judge to begin the inquiry, whether the debtor has any property which should be subjected to the payment of the judgment. Code, sections 459, 460.
To authorize a judgment creditor to institute the proceeding without a return of an execution, he need not make a demand on the debtor to apply to the payment of the judgment, property which is not the subject of a levy, such as an *324 interest in choses in action. It is the duty of a debtor to take the proper steps to apply such property to the payment of his debts, when he has no other which can be reached by the ordinary process of law. A failure to perform this duty toward a creditor, who by a judgment has established the justice of his claim, may be properly charged to be an unjust refusal.
The court or judge is authorized to order any property of the judgment debtor, in the hands of himself, or of another person, or due to him, to be applied to the satisfaction of the judgment. Code, section 467. The mode of application is not expressly provided, but it must be in analogy, as to claims against third persons, to the remedies to which the debtor himself might resort.
In this summary proceeding, disputes between the debtor and third persons can not be settled, nor can the collection of claims be enforced by an order of payment and attachment. When there are such claims to be collected, the appointment of a receiver is the proper course; who, if payment be not made, will resort to the ordinary remedies.

Judgment affirmed.